Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Robert K. Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:   (310) 943-0396

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO

| | |
|---|---|
| JEAN MACDONALD, VERONICA H. AGUIRRE, AND BRIAN C. BARBEE, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 3:13-cv-02988-JST<br><br>**CLASS ACTION**<br><br>**DECLARATION OF TAREK H. ZOHDY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE INCENTIVE AWARDS**<br><br>Date:         January 14, 2016<br>Time:        2:00 p.m.<br>Courtroom: 9, 19th Floor |

## DECLARATION OF TAREK H. ZOHDY

I, Tarek H. Zohdy, declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California. Unless the context indicates otherwise, I have personal knowledge of the facts stated in this declaration and if called as a witness, I could and would testify competently thereto. I am an associate attorney at Capstone Law APC, counsel of record for Plaintiffs in the above-captioned action ("Plaintiffs' Counsel"). I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Class Representative Incentive Awards.

### SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

2. <u>Pre-Filing Investigation</u>:  Prior to filing this action, Capstone attorneys conducted a comprehensive investigation into Plaintiffs' claims. The pre-filing tasks performed by Plaintiffs' Counsel include: responding to over 275 inquiries from prospective class representatives; reviewing chronologies and documents provide by those prospective class representatives to investigate their viability as class representatives; propounding a Freedom of Information Act request to the National Highway Traffic Safety Administration ("NHTSA"); researching the cause, nature, and incidence of the Motor Electronics Cooling System ("MECS") water pump defect in the 2005-2008 Ford Escape Hybrid and the 2006-2008 Mercury Mariner Hybrids ("Class Vehicles") manufactured by Ford Motor Company ("Ford"), including locating and reviewing technical service bulletins and researching the hybrid system in the class vehicles; researching the sourcing of the MECS pumps by parts manufacturers Bosche, and later, by Dorman and Cooper Superior; and analyzing hundreds of consumer complaints made to NHTSA and other sources about the MECS defect.

3. Following the investigation, Plaintiffs sent a pre-litigation demand to Ford to remedy the alleged defects pursuant to the California Legal Remedies Act ("CLRA") on June 23, 2015.

4. <u>The Claims and Litigating the Action</u>:  Following this investigation,

Page 1

Plaintiffs' Counsel prepared and filed an initial Complaint on June 28, 2013. (Dkt. No. 1.)  In the Complaint, Plaintiffs alleged that Ford sold the Class Vehicles despite having knowledge that the MECS coolant system is defective and causes the Class Vehicles to stall or shut down unexpectedly. Plaintiffs contend that Ford's actions violated the CLRA, the Unfair Competition Law ("UCL"), the Class Vehicles' Implied Warranty pursuant to Song-Beverly Consumer Warranty Act, and the Magnuson-Moss Warranty Act.

5. On July 18, 2013, Plaintiffs' Counsel served a second formal demand letter requesting that Ford remedy the alleged defect.

6. Plaintiffs filed a First Amended Complaint ("FAC") on September 3, 2013. (Dkt. No. 17.)  Ford filed a motion to dismiss the FAC on September 19, 2013. (Dkt. No. 19.)  Plaintiffs, after meeting and conferring with Ford, filed a Second Amended Complaint ("SAC") on October 24, 2013. (Dkt. No. 27)  Ford then filed a motion to dismiss the SAC on November 14, 2013. (Dkt. No. 28.)  Plaintiffs opposed Ford's motion to dismiss the SAC (Dkt. No 29), and after the motion was fully briefed, the Court granted Ford's motion in part and denied it in part. (Dkt. No. 43.)  While the Court dismissed Plaintiffs' claims under the Song-Beverly and Magnuson-Moss Warranty Acts, it left intact Plaintiffs' remaining CLRA and UCL claims.

7. Ford filed an Answer to the SAC on May 6, 2014.

8. <u>Discovery</u>.  Following Ford's answer, Plaintiffs and Defendant have both propounded and responded to written discovery, and the parties have thoroughly met and conferred regarding discovery and ESI searches.  The Parties exchanged their Fed. R. Civ. P. 26(a) Initial Disclosures on April 16, 2014. Plaintiffs propounded two sets of requests for production (one set directed to the Recall after it was announced) and two sets of interrogatories (one set directed to the Recall after it was announced) and one set of requests for admission based on the Recall.

9. Plaintiffs' Counsel, assisted by Plaintiffs, also responded to one set of interrogatories, two sets of requests for production, and one set of request for admissions.

Page 2

DECLARATION OF TAREK H. ZOHDY IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS

Plaintiffs' Counsel also reviewed and analyzed over 10,000 pages of documents produced by Ford. Plaintiffs' Counsel also drafted a 30(b)(6) deposition with carefully crafted categories of inquiry regarding Ford's Recall and Ford's knowledge of the MECS defect. In addition, Plaintiffs' Counsel responded to over 250 inquiries from class members after the initial Complaint was filed, including phone calls, emails and review of repair orders.

10. <u>Ford's Nationwide Recall and Plaintiffs' Catalyst Fee Motion</u>. July 10, 2014, Plaintiffs sent a settlement demand letter to Ford, inviting it to mediate the claims and suggesting that Ford extend the warranty and revise the warning system for the failure mode caused by the MECS Defect so that the vehicles no longer stall.

11. On September 2, 2014, after over a year of litigation, and after Plaintiffs suggested a resolution of this matter, Ford notified NHTSA of its intent to perform a voluntary safety recall ("Recall") (Recall No. 14V-526) to address the exact MECS Defect identified by Plaintiffs. Pursuant to the Recall, Ford has admitted that the MECS Defect poses a safety hazard and "can result in a sudden stall-like condition while driving. An engine stall without warning while driving may increase the risk of a crash." Ford pinpointed the defect to motor brushes that experience premature wear which cause the MECS to overheat leading to a "Failure Mode Effects Management" strategy and sudden stall-like conditions. Ford has agreed to remedy the Defect by replacing the MECS with a new improved brushless MECS free of charge. Ford also has agreed to reimburse out of pocket repairs for the MECS Defect prior to the date of the safety recall notification.

12. Soon after the Recall was announced, on September 16, 2014, Plaintiffs notified Ford and the Court that they intend to move for catalyst fees and requested a scheduling conference. (Dkt. No. 52.) The Parties then proceeded to set a schedule for the catalyst fee motion and worked on narrowing the scope of issues, including bifurcating the entitlement issue and the fee amount (Dkt. No. 64), prepared a stipulated protective order (Dkt. No. 61), and conducted discovery related to catalyst fees,

Page 3

DECLARATION OF TAREK H. ZOHDY IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS

1 including a deposition of Defendants' 30(b)6 designee in Bloomfield Hills, MI.

2     13.    On June 22, 2015, Plaintiffs filed their motion for catalyst fees. (Dkt. No. 69.) Ford filed its Response to the Motion on August 6, 2015 (Dkt. No. 70), and Plaintiffs filed their Reply on August 27, 2015 (Dkt. No. 76). Following written objections and responses, the Court heard the motion on October 13, 2015 (Dkt. No. 87), and issued its Order Granting Plaintiffs' Motion for Catalyst Fees on November 2, 2015. (Dkt. No. 90.) In that Order, the Court granted Plaintiffs' motion and ordered Plaintiffs to file a motion for attorneys' fees relating to the reasonable amount of fees within 30 days of the Order.

## CAPSTONE LAW APC'S QUALIFICATIONS AND EXPERIENCE

14.    As detailed in the firm resume attached as Exhibit 1, Capstone is one of the largest California firms that prosecutes aggregate actions on a wholly contingent basis. Recognized for its active class action practice and cutting-edge appellate work, Capstone's recent accomplishments have included three of its attorneys being honored as *California Lawyer*'s Attorneys of the Year ("CLAY") in the employment practice area for 2014 for their work in the landmark case *Iskanian v. CLS Transportation Los Angeles*, 59 Cal. 4th 348 (2014). Capstone is also lead counsel in *Baumann v. Chase Inv. Servs.*, 747 F.3d 1117 (9th Cir. 2014), which addressed an issue of first impression involving the Class Action Fairness Act, and prevailing counsel in *Allen v. Bedolla*, 787 F.3d 1218 (9th Cir. 2015), which further clarified the scope of the district court's duties in approving a class action settlement.

15.    Capstone is currently prosecuting twelve class actions certified following contested motion practice:

- *Lopes v. Kohl's Department Stores, Inc.*, Case No. RG08380189 (Alameda Super. Ct.) (certified class of over 120,000 non-exempt employees for wage and hour claims);
- *In re: Taco Bell Wage And Hour*, 2013 U.S. Dist. LEXIS 380 (N.D. Cal.) (certified class of over 30,000 non-exempt employees for wage

Page 4

DECLARATION OF TAREK H. ZOHDY IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS

and hour claims)

- *In Re: Autozone, Inc., Wage and Hour Employment Practices Litigation*, Case No.: 3:10-md-02159-CRB (E.D. Cal.) (certified class of over 30,000 non-exempt employees for rest break claims);
- *Shiferaw/Tameifuna v. Sunrise Senior Living Management, LLC*, Case No. 13-06294 (C.D. Cal.) (certified class of over 30,000 non-exempt employees for wage claims);
- *Romo v. GMRI, Inc.,* Case No. 12-cv-00715-JLQ-SP (C.D. Cal.) (certified class of over 11,000 non-exempt employees for wage claims);
- *Aldo US Wage and Hour Cases*, JCCP Case No. 4581 (Orange Super. Ct.) (certified class of over 2,000 non-exempt employees for wage claims);
- *Rodriguez v. Swissport N. Am.*, Case No. BC 441173 (Los Angeles Super. Ct.) (certified class of approximately 2,000 non-exempt employees for wage penalties);
- *Trager v. bebe Stores,* No. Civ-RS 10-11823 (San Bernardino Super. Ct.) (certified class of employees alleging unpaid wages for off-the-clock work);
- *McKinney v. U.S. Telepacific Corp.*, Case No. BC497288 (L.A. County Super. Ct.) (Capstone along with co-counsel certified a California class of employees who were allegedly misclassified as exempt);
- *Chambless v. Islands Restaurants*, No. BC458426 (Los Angeles Super. Ct.) (certified class of employees alleging rest break violations);
- *Williams v. Swissport U.S.A., Inc*., No. CGC-13-531273 (San Francisco Super. Ct.) (certified class of employees alleging meal break violations and failure to pay wages at the regular rate).

DECLARATION OF TAREK H. ZOHDY IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS

- *In re Pacific Sunwear Cases*, No. JCCP4671 (Los Angeles Super. Ct.) (certified class of employees alleging wage and hour violations).

16. Capstone served as class counsel on a number of consumer settlements, including *Klee v. Nissan North America*, Case No. 12-08238 (C.D. Cal.) (class action settlement providing repairs of alleged thermal defect in electric battery of LEAF vehicles and $50 charge card), *Aarons v. BMW of North America*, Case No. 11-7667 (C.D. Cal.) (class action settlement providing up to $4,100 for repairs and reimbursement of transmission defect for Class Vehicles); *Asghari v. Volkswagen Group of America, Inc.*, Case No. 13-cv-02529-MMM-VBK (C.D. Cal.) (class action settlement providing repairs and reimbursement for oil assumption problem in Class Vehicles); *Fernandez v. Home Depot U.S.A.,* No. 13-648 (C.D. Cal.) (preliminary approval granted; awaiting final approval of $3 million settlement providing cash to applicants alleging violations of the Fair Credit Reporting Act ("FCRA"), *Ford v. CEC Entertainment*, No.14-677 (S.D. Cal.) (preliminary approval granted; awaiting final approval of $1.75 million settlement providing cash to applicants alleging FCRA violations); *Rosado v. eBay, Inc.*, No. 12-04005 (N.D. Cal.) (preliminary approval granted, awaiting final approval of $1.2 million consumer class action settlement providing cash to class members).

17. The individual backgrounds and qualifications of Capstone's present attorneys are set forth in the Capstone firm resume.

### **LODESTAR**

18. Plaintiffs hereby submit a record of the tasks performed by Plaintiffs' Counsel which were recorded contemporaneously to the tasks performed. (Attached as Exhibit 2 is a true and correct copy of a record reflecting Plaintiffs' Counsel's contemporaneously-entered billing entries.) This billing record shows the reasonable hours expended by Plaintiffs' Counsel in the instant action.

19. The following chart sets forth the billable hourly rate and the hours worked by each attorney on this matter based on the billing records submitted herewith:

| Lawyer | Title | CA Bar | Rate | Hours | Fees |
|---|---|---|---|---|---|
| Jordan Lurie | Of Counsel | 1987 | $695 | 186.3 | $129,478.50 |
| Robert Friedl | Senior Counsel | 1988 | $695 | 31.9 | $22,170.50 |
| Stephen H. Gamber | Senior Counsel | 1994 | $695 | 98 | $68,110.00 |
| Mark Greenstone | Fmr. Senior Counsel | 1998 | $695 | 63.2 | $43,924.00 |
| Ryan Wu | Senior Counsel | 2002 | $595 | 50.3 | $29,928.50 |
| Tarek Zohdy | Associate | 2006 | $495 | 335.3 | $165,973.50 |
| Lucas Rogers | Fmr. Associate | 2008 | $445 | 28.8 | $12,816.00 |
| Mao Shiokura | Associate | 2009 | $420 | 46.1 | $19,362.00 |
| Joshua Valero | Fmr. Associate | 2010 | $395 | 68.5 | $27,057.50 |
| Cody Padgett | Associate | 2011 | $370 | 77.5 | $28,675.00 |
| **Total** | | | | **985.9** | **$547,495.50** |

20. In the exercise of billing discretion, Plaintiffs' Counsel wrote off over 10% of the total hours they billed to the action (not included in the above summary). The total hours submitted to support Plaintiffs' fee request is **985.9.**

21. Because Plaintiffs seek an application of a 2.0 multiplier to the merits work only, Plaintiffs have divided the work into "merits work" and "fees work." In reviewing the billing, following Ford's September 2, 2014 announcement of its voluntary recall, the first time Plaintiffs began preparing for catalyst fees was after September 5, 2014. For ease of reference, Plaintiffs have used September 4, 2014 as the cut-off date for merits work, and that all work done after September 5, 2014 is considered "fees" work, even though some entries may reflect continuing on the merits. In total, the hours are divided as follows:

| Merits/Fees | Hours | Fees | Multiplier | Requested Fees |
|---|---|---|---|---|
| Merits | 549.7 | $290,954.00 | 2 | $581,908.00 |
| Fees | 436.2 | $256,541.50 | None | $256,541.50 |
| **Total** | **985.9** | **$547,495.50** | | **$838,449.50** |

### CAPSTONE'S REQUESTED RATES

22. The above hourly rates for Capstone's attorneys are within the range of comparable attorneys in both the Bay Area and Southern California markets.

23. <u>Bay Area rates</u>. In the past several years, Capstone's hourly rates have

Page 7

been judicially approved by numerous California courts in the Bay Area. *See*, *e.g.*, *Moore v. PetSmart, Inc.*, No. 5:12-CV-03577-EJD, 2015 WL 5439000, at *12 (N.D. Cal. Aug. 4, 2015) (approving rates of $595-$695 for partners, $520-$670 for senior counsel, and $395-$470 for associates); *Quintana v. Claire's Stores*, No. 13-00368-PSG (N.D. Cal. Dec. 1, 2015) (approving Capstone's rates for Senior Counsel/Partners ($545 to $695) and Associates ($370 to $470); "Plaintiffs have also provided sufficient evidence to establish that the award is reasonable in light of their lodestar cross-check, which the Court finds to be the product of reasonable billing rates and hours billed to the litigation"); *Macias v. Recreational Equipment, Inc.*, No. 5:14-cv-00300-PSG (N.D. Cal. Oct. 6, 2015) (approving Capstone's rates for Associates ($420-$470) and Senior Counsel/Partners ($570-$695)); *Hammonds v. Hot Topic, Inc.*, Case No. 34-2013-00141893-CU-OE-GDS (Sacramento County Ct. Jan. 7, 2015) (finding that lodestar was the product of "reasonable hourly rates"); *Monjazeb v. The Neiman Marcus Group, Inc.*, Case No. CGC-10-502877 (San Francisco Superior Court Oct. 7, 2014) (finding that Capstone's lodestar was based on "reasonable hourly rates").

24.    Plaintiffs' Counsel's hourly rates are also consistent with the hourly rates of comparable plaintiffs'-side attorneys approved by courts sitting in the Bay Area. *See*, *e.g.*, *Magsafe Apple Power Adapter Litig.*, No. 09-1911-EJD, 2015 U.S. Dist. LEXIS 11353, at *14 (N.D. Cal. Jan. 30, 2015) (finding reasonable rates for Bay Area attorneys ranging from $560 to $800 for partners and $285 to $510 for associates); *Rose v. Bank of Am. Corp.*, No. 5:11-CV-02390-EJD, 2014 U.S. Dist. LEXIS 121641, at *12 (N.D. Cal. Aug. 29, 2014) (finding reasonable partners rates between $350 - $775 per hour; associates at $325 - $525 per hour; and paralegal rates between $100 - $305 per hour); *Kim v. Space Pencil, Inc.*, No. C 11-03796 LB, 2012 WL 5948951, at *8 (N.D. Cal. Nov. 28, 2012) (finding reasonable partner rates of $725 - $797 per hour; associates and counsel at $350 - $580 per hour); *Faigman v. AT&T Mobility LLC*, 2011 U.S. Dist. LEXIS 15825, * 2 (N.D. Cal. Feb. 15, 2011) (approving hourly rates of $650 an hour for partner services and $500 an hour for associate attorney services); *Luquetta v. Regents of*

Page 8

DECLARATION OF TAREK H. ZOHDY IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS

1 | *Cal.*, CGC-05-443007 (San Francisco Super. Ct.) (approving 2012 partner rates between
2 | $550 and $850 per hour); and *Holloway v. Best Buy Co.*, C-05-5056-PJH (MEJ) (N.D.
3 | Cal.) (approving 2011 partner rates of $825 to $700 an hour, associate rates between
4 | $355 and $405 per hour).

5 |       25. Professor William Rubenstein, the editor of *Newberg on Class Actions*,
6 | submitted a report on the hourly rates of class counsel in the Bay Area market in another
7 | case, *In re High-Tech Employee Anti-Trust Litig.*, No. 5:11-cv-02509-LHK (N.D. Cal.).
8 | (Attached as Exhibit 3 is a true and correct copy of Professor Rubenstein's report.)
9 | Professor Rubenstein provided a chart (Table 2) illustrating the blended hourly rates for
10 | 84 firms who had their rates approved in the Northern District over the two years
11 | preceding May 7, 2015, the date of his declaration. Based on the chart, Plaintiffs'
12 | Counsel's blended rate of $555 falls squarely in the middle of the chart, well within the
13 | range of blended rates approved by the Northern District.

14 |       26. <u>Southern California rates</u>. In the past year, Capstone's hourly rates have
15 | been judicially approved by numerous California courts in the Southern California area.
16 | *See, e.g.*, *Klee v. Nissan N. Am., Inc.*, 2015 U.S. Dist. LEXIS 88270, *38 (C.D. Cal. July
17 | 7, 2015) (approving rates of $370 to $695 for attorneys at Capstone in an automotive
18 | defect case); *Reyes v. Jo-Ann Stores, Inc.*, No. 30-2012-00560070-CU-OE-CXC
19 | (Orange County Super. Ct. April 2, 2015) (approving Capstone's hourly rates for
20 | Associates and Senior Counsel/Partners); *King v. Burke Williams, Inc.*, No. BC467906
21 | (L.A. County Super. Ct. Mar. 4, 2015) ("the Court finds that the rates and hours billed to
22 | the litigation are fair and reasonable"); *Morales v. Daniel's Jewelers*, Case No.
23 | BC513353 (L.A. County Super. Ct. February 4, 2015) ("the award [of attorneys' fees is]
24 | reasonable in light of [Capstone's] actual lodestar, which the court finds to be based on
25 | reasonable market rates . . . ."); *Thompson v. Smart & Final, Inc.*, Case No. BC497198
26 | (L.A. County Super. Ct. Nov. 18, 2014) (finding that Capstone had "demonstrated to the
27 | Court's satisfaction that the attorney rates and hours billed to the litigation were
28 | reasonable"); *Silva v. Jo-Ann Stores, Inc.*, Case No. 30-2011-00526396-CU-OE-CXC

DECLARATION OF TAREK H. ZOHDY IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS

1 (Orange County Super. Ct. July 18, 2013) ("Capstone . . . [has] demonstrate[ed] to the Court's satisfaction that the attorney rates and hours billed to the litigation were reasonable"); *Sheldon v. AHMC Monterey Park Hospital LP*, Case No. BC440282 (L.A. Super. Ct. Feb. 22, 2013) ("The Court finds that the requested attorneys' fees award is reasonable for a contingency fee in a class action such as this. Moreover, Capstone [has] provided sufficient evidence to establish that the award is appropriate by way of their lodestar/multiplier cross-check, demonstrating to the Court's satisfaction that the attorney rates and hours billed to the litigation were reasonable."); *Zamora v. Balboa Life & Casualty LLC*, Case No. BC360026 (L.A. Super. Ct. Feb. 13, 2013) ("Plaintiffs' counsel have provided sufficient evidence to establish that the award is less than the reasonable lodestar expended on this case [i.e.] the reasonably hourly rates multiplied by time spent. . . .").

27. Plaintiffs' Counsel's hourly rates are also consistent with the judicially-approved hourly rates of comparable plaintiffs'-side attorneys based in Southern California, such as Baron & Budd (rates ranging from $775 for the requested partner to $390-$630 for non-partners), Wasserman Comden Casselman & Essensten (rates ranging from $670-750 for partners and $300-500 for associates), and Blood Hurst & Reardon ($510-695 for partners). *See Aarons v. BMW of North America*, No. 11-7667-PSG, 2014 U.S. Dist. LEXIS 118442, *40-41 (C.D. Cal. Apr. 29, 2014) (also approving rates of Capstone); *see also, Kearney v. Hyundai Motor Am.*, 2013 U.S. Dist. LEXIS 91636, *24 (C.D. Cal. June 28, 2013) (approving hourly rates of $650-$800 for senior attorneys in consumer class action); *Parkinson v. Hyundai Motor America*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010) (approving hourly rates between $445 and $675); *Barrera v. Gamestop Corp.* (C.D. Cal. Nov. 29, 2010, No. CV 09-1399) ($700 an hour for partners; $475 an hour for associates); *Anderson v. Nextel Retail Stores, LLC* (C.D. Cal. June 20, 2010, No. CV 07-4480) ($655 to $750 an hour for partners; $300 to $515 an hour for associates); *Richard v. Ameri-Force Mgmt. Servs., Inc.* (San Diego Super. Ct., August 27, 2010, No. 37-2008-00096019) ($695 to $750 an hour for partners; $495

an hour for associates).

28. Capstone regularly litigates against prominent defense firms in Los Angeles and San Francisco, including Sheppard, Mullin, Richter & Hampton ($490 - $875 for partners and senior counsel; $275 to $535 an hour for associates), Cooley ($660 - $ 990 for partners, $525 average rate for associates), and Morrison & Forester ($595 - $1195 for partners, $525 average rate for associates) as collected in a survey conducted by the National Law Journal in 2013.  (Attached as Exhibit 4 is a true and correct copy of the 2013 National Law Journey billing rates survey.)

## Application of a 2.0 Multiplier

29. <u>Contingent Risk</u>.  Plaintiffs' Counsel bore substantial contingent risk.  Capstone prosecutes all actions on a contingency basis, advancing litigation costs, overhead, attorneys' salaries, and other resources with no guarantee that any of that money will be recouped.  Indeed, many of the initially meritorious cases that Capstone have taken on resulted in a financial loss for Capstone, either with no recovery or with recovery that is outstripped by the expenditures.  This may be due to the existence of an arbitration agreement that led to a death knell for the class or an intervening change in law.

30. That risk, of course, is heightened in consumer class actions, where Capstone runs the additional risk of having meritorious claims mooted by a recall.  In this case, but for Plaintiffs' successful catalyst fee motion, my firm would have recovered nothing despite advancing hours and costs to litigate a strong case that benefited the public.

31. Moreover, this case has substantial certification risk.  First, any case against a major automotive manufacturer alleging a defect in thousands of vehicles has the potential to take up significant amounts of attorneys' time and the Court's resources.  Second, Plaintiffs would face difficulty in certifying a class.  Even if the Class were certified by contested motion, there would nonetheless be the genuine risk that the Court would revisit its ruling and decertify, or not find the action suitable for certification as a

DECLARATION OF TAREK H. ZOHDY IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS

nationwide class. Third, Plaintiffs must prove liability—specifically that there was a defect in the design of the coolant pump that caused Class Vehicles to stall. And even if Plaintiffs prevailed at trial after years of litigation, it is difficult to see how that would result in relief more comprehensive than that provided by the recall.

32. Given the finite resources, Capstone, like other contingent attorneys, cannot accept every viable case. Capstone receives constant inquiries from potential clients, with many cases having merit. In making the final decision on which cases to take on, Capstone must take into consideration the current case load of its attorneys. By choosing to prosecute this action on behalf of Plaintiffs and the class, Capstone, as a business practice, could not accept another potentially strong case.

33. Capstone also bears the risk of delay in obtaining payment, as my firm has prosecuted this action for three years with no compensation from our clients. This delay in obtaining payment also justifies the application of a multiplier.

34. <u>Success Achieved</u>. Although Plaintiffs' Counsel submits this fee request under the lodestar method, the Court may also review the value conferred by Plaintiffs' actions in determining whether the fee request is reasonable. Ford's recall affected 70,209 vehicles, according NHTSA's latest figures, with 33,873 vehicles having been "remedied." (Attached as Exhibit 5 is NHTSA's October 2015 Quarterly Report for the Ford recall.)

35. As set forth in Paragraph 25 of the Second Amended Complaint, Plaintiff MacDonald took her vehicle, which lost power during operation, to a Ford dealership to fix the problem. Ford then replaced the MECS coolant pump, charging MacDonald $767.58 for the replacement. The value of the recall of 70,209 vehicles, based on the cost to Class Members, is $53,891,024.22.

36. Ford also produced a number of Bates-stamped documents that evince its costs to service each recall. According to a hand-written document dated August 7, 2014, Ford estimated a cost of "$400-$450" to replace the coolant pump. (Attached as Exhibit 6 is a true and correct copy of the August 7, 2014 document Bates-stamped

Page 12

DECLARATION OF TAREK H. ZOHDY IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS

MCN3000151.) A separate "Technical Acceptance Agreement" had a hand-written notation stating "$373 avg" next to the description of coolant pump defect. (Attached as Exhibit 7 is a true and correct copy of this document, Bates-stamped MCN3 000170.) And a "Spike 2009-050 Initial Claims Analysis and Cost Summary," which apparently addresses the Bosch water pump warranty, shows that 167 claims had a gross total cost of $63,309. These figures show that each claim costs approximately $379. (Attached as Exhibit 8 is a true and correct copy of this document, Bates-stamped MCN3 001862.)

37. Even under the more conservative figures contained in Ford's document production, which is based on the cost of the pump replacement to Ford of approximately $375 per vehicle for the 70,209 vehicles, the value conferred by Plaintiffs' action is $26,328,375. And even if the value is limited only to 33,873 vehicles that were "remedied" as of October 2015 (*see* Ex. 5), the value conferred is $12,702,375.

38. <u>Awards in Similar Cases</u>. This case is analogous to *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553 (2004) where plaintiffs were found to be catalysts on a recall of an automotive defect. In *Graham*, the California Supreme Court affirmed a multiplier of 2.25 for merits work, and the trial court ultimately awarded $1,827,663 to the plaintiffs in that case. (Attached as Exhibit 9 is a true and correct copy of the trial court order granting attorneys' fees in *Graham*.)

39. Capstone incurred and advanced a total of $3,015.65 in costs and expenses—costs that would be normally billed to a fee-paying client—consisting of the following based on information provided to me:

| Cost and Expense Categories | Amount |
|---|---|
| Copying/Printing/Scanning | $143.00 |
| Court Fees/Filings | $999.40 |
| Delivery & Messenger (UPS, FedEx, messenger) | $110.04 |
| Legal Research Services (PACER, Lexis, etc.) | $82.61 |
| Postage & Mailings / Outreach | $1,109.10 |
| Travel-Related Costs and Expenses | $571.50 |
| **Total** | **$3,015.65** |

**CLASS REPRESENTATIVE INCENTIVE PAYMENTS**

40. The three named plaintiffs, Jean Macdonald, Veronica H. Aguirre, and Brian C. Barbee, each provided documents to, and consulted with, counsel about the claims in this case, and assisted throughout the course of the litigation. Plaintiffs marshalled evidence from their personal records bearing on their experience with the Class Vehicles and the alleged MECS defect. Plaintiffs reviewed the allegations of the operative complaints, kept in constant contact with counsel regarding the status of the case, responded to discovery and responded to the inquiries regarding the efficacy of Ford's recall.

41. The three named Plaintiffs should be awarded $2,500 in recognition of their work in connection with the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 2nd day of December, 2015, at Los Angeles, California.

/s/ Tarek H. Zohdy
Tarek H. Zohdy

Page 14

DECLARATION OF TAREK H. ZOHDY IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS